## Mackey v 370 Barnard Ave. LLC

2024 NY Slip Op 34239(U)

November 26, 2024

Supreme Court, New York County

Docket Number: Index No. 158044/2017

Judge: Verna L. Saunders

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. VERNA L. SAUNDERS, JSC**          PART   36

*Justice*

------------------------------------------------------------------X          INDEX NO.          158044/2017

ANDREW MACKEY and
BERNICE MACKEY,                                     MOTION SEQ. NO.          007

Plaintiffs,

- v -

                                                   **DECISION + ORDER ON**
370 BARNARD AVENUE LLC and DAVID NEUFELD, AS            **MOTION**
CURATOR OF THE ESTATE OF MICHAEL RICATTO,
Defendants.

------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 007) 167, 180, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 213, 216, 217, 218, 219

were read on this motion to/for                **CONSOLIDATE/JOIN FOR TRIAL**          .

Non-party Inger Jensen ("Jensen"), *pro se*, moves this court, for an order, pursuant to CPLR 602(b), consolidating this matter with a related action entitled *Jensen v Ricatto, et al.*, currently pending in Nassau County under Index No. 606818/2020 ("related action"), and/or permission to intervene in this action pursuant to CPLR 1012 and 1013 (NYSCEF Doc. No. 167, *notice of motion*).

Jensen argues that consolidation is warranted with the related action because the instant action shares common questions of law and fact with the related action, insofar as both actions arise from the alleged unlawful conduct of defendants and the unlawful eviction of Jensen and her family from their home. Furthermore, movant contends that intervention is appropriate, either as of right or by permission of the court, because "there are and will be representations and findings that may impact the interests in my action, concerning my unlawful eviction from my former home located at 370 Barnard Avenue, Cedarhurst NY 11516, and I may be bound by any judgment rendered in the related action." (NYSCEF Doc. No. 167, *Jensen aff* at ¶ 16).

Plaintiff submits an attorney affirmation in support of the consolidation, arguing that common questions of fact and law predominate in both action (NYSCEF Doc. No. 181, *DeMaio aff*). Annexed to his affirmation, plaintiff's counsel submits, *inter alia*, the pleadings for both actions (NYSCEF Doc. Nos. 183-184).

Defendants oppose Jensen's motion for consolidation/intervention. By memorandum of law, defendants argue that the motion should be dismissed as procedurally defective because Jensen failed to include the pleading of the related action to the motion, as required under CPLR 1014. They also contend that the motion is untimely because any potential claims are barred by the statute of limitations. Defendants argue that, despite being aware of this action, Jensen only elected to intervene in this action after the related action was dismissed, two years after the note of issue was filed in this matter. According to defendants, Jensen has also failed to satisfy her

158044/2017  MACKEY, BERNICE vs. 370 BARNARD AVENUE          Page 1 of 4
Motion No.  007

burden of establishing a substantial interest in the outcome of these proceedings, warranting denial of that branch of the motion seeking intervention (NYSCEF Doc. No. 185, *memorandum of law*).

Furthermore, defendants argue that the related action in Nassau County has since been dismissed and, thus, any relief seeking to consolidate the instant action with the now disposed related action must be denied. Upon review of defendants' submissions, the court in Nassau County, by decision and order dated April 13, 2021, denied a motion filed by Jensen seeking a default judgment, and granted defendants' cross-motion, pursuant to CPLR 308 and/or CPLR 311, seeking dismissal of the complaint for lack of service (NYSCEF Doc. No. 190, *April 2021 decision and order*). Jensen later moved in the related action to vacate the April 2021 decision and order and to consolidate the matter with the instant action (NYSCEF Doc. No. 193, *Jensen motion to vacate*). By order dated August 31, 2022, the court in Nassau County denied said application, finding that the motion to vacate was untimely and that consolidation of the disposed matter with the instant case was improper. It further stated that leave to intervene would have to be made in this action (NYSCEF Doc. No. 194, *August 2022 decision and order*). An appeal relating to the related action was filed in the Appellate Division, Second Department (NYSCEF Doc. 195, *notice of appeal*).

In reply, Jensen argues that, contrary to defendants' claim, the related action remains viable given the pending appeal. She maintains that consolidation and/or intervention will promote efficiency and avoid inconsistency, which Jensen asserts defendants do not dispute in their opposition papers. Jensen argues that she tried to "establish a connection to this case at the outset" but was unable to do so given her status as a *pro se* party. Any delays in intervening in this action were occasioned, claims Jensen, by her lack of expertise with the court system and her trying to navigate the system as a *pro se* party (NYSCEF Doc. No. 200, *Jensen reply*).

In a supplemental reply[1], defendants argue that on April 22, 2024, the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, entered an order striking as untimely Jensen's claims against the Estate of Michael P. Ricatto under Florida Statute 733.702(3). Defendants annex a copy of the Florida order (NYSCEF Doc. No. 218). As such, defendants contend that any claim Jensen intends to interpose against the Estate, is both untimely and subject to mandatory dismissal (NYSCEF Doc. No. 217, *supplemental reply*).

In response to the supplemental opposition and, addressing the argument regarding the discharge of claims against the Estate of Ricatto in the Florida court, Jensen argues that her claims are not time-barred, and that the Florida decision is not dispositive to the issue of intervention/consolidation. She further argues that the Broward County decision is pending reconsideration and that an appeal may be forthcoming (NYSCEF Doc. No. 252, *Jensen sur-reply*).

In their sur-sur reply, defendants argue that, in addition to the other reasons set forth in the original opposition papers, the Florida decision is a separate and independent ground for

---

[1] By interim order dated May 17, 2024, the court allowed the filing of sur-replies given Jensen's *pro se* status (NYSCEF Doc. No. 216, *Interim Order*). Jensen's affidavit in reply to defendants' supplemental opposition was served upon the parties via email. The court uploaded Jensen's reply to NYSCEF (Doc. No. 252).

[* 2]

denying the motion. They maintain that the Florida decision struck any claims Jensen had against the Estate for her failure to comply with the Florida Statutes Section 733.702 and precludes her from recovering against the Estate in a civil action (NYSCEF Doc. No. 219, *defendants' sur-sur reply*).

Consolidation is governed by CPLR 602, which states:

"Cases pending in different courts. Where an action is pending in the supreme court it may, upon motion, remove to itself an action pending in another court and consolidate it or have it tried together with that in the supreme court. Where an action is pending in the county court, it may, upon motion, remove to itself an action pending in a city, municipal, district or justice court in the county and consolidate it or have it tried together with that in the county court."

Intervention as of right is provided for under CPLR 1012, which states that:

"[u]pon timely motion, any person shall be permitted to intervene in any action . . . 1. when a statute of the state confers an absolute right to intervene; or 2. when the representation of the person's interest by the parties is or may be inadequate and the person is or may be bound by the judgment; or 3. when the action involves the disposition or distribution of, or the title or a claim for damages for injury to, property and the person may be affected adversely by the judgment."

CPLR 1013 provides, in relevant part, that: "[u]pon timely motion, any person may be permitted to intervene in any action when . . . the person's claim or defense and the main action have a common question of law or fact. In exercising its discretion, the court shall consider whether the intervention will unduly delay the determination of the action or prejudice the substantial rights of any party."

Here, there is no basis for consolidation. Since it is undisputed that the related action has since been marked disposed, it is no longer "pending" and, therefore, consolidation is not appropriate (see *Cambridge Packing Co. v. Lajaunie (In re Cambridge Packing Co.)*, 2021 NY Slip Op 32304(U), **3 [Sup Ct, NY County 2021]; *NY Prime Holding LLC v. Nationstar Mtge., LLC*, 2019 NY Slip Op 30857[U], **9 [Sup Ct, NY County 2019], citing *Gallo Nero, Inc. v Bordeliw, Inc.*, 2014 NY Slip Op 32461[U], **3 [Sup Ct, NY County 2014]). Furthermore, Jensen has failed to articulate entitlement to intervene in this action. Her sole contention in support of intervention is that "based upon certain decisions in this related action, there are and will be representations and findings that may impact the interests in my action, concerning my unlawful eviction from my former home located at 370 Barnard Avenue, Cedarhurst NY 11516, and I may be bound by any judgment rendered in the related action." As stated above, the related action has since been disposed, rending said contention moot. Jensen has failed to persuade this court that intervention in this action is otherwise warranted. All other arguments have been considered and are either without merit or need not be addressed given the foregoing. According, it is hereby

**ORDERED** that the motion of non-party Inger Jensen is denied in its entirety; and it is further

**ORDERED** that, within twenty (20) days after this decision and order is uploaded to NYSCEF, counsel for defendants shall serve a copy of this decision and order with notice of entry upon all parties.

This constitutes the decision and order of this court.

__November 26, 2024__

_____
HON. VERNA L. SAUNDERS, JSC

| CHECK ONE: | | ☐ CASE DISPOSED | | | ☒ NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | ☐ GRANTED | ☒ DENIED | | ☐ GRANTED IN PART | | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | | ☐ FIDUCIARY APPOINTMENT | | ☐ REFERENCE |

**158044/2017  MACKEY, BERNICE vs. 370 BARNARD AVENUE**
Motion No.  007

[* 4]